DISTRICT COURT.                        October 17, 1862.
                        ADMIRALTY.

## THE FANNY LEE AND CARGO.

Capture on the high seas.   Hearing upon claims.   Confiscation.

PRIZE.

## CADWALADER, J.

I, JOHN CADWALADER, Judge of the District Court of the
United States, in and for the Eastern District of Pennsyl-
vania, duly authorized under the Constitution and laws of
the United States to hear and determine in said district all
causes and complaints as to ships and vessels, etc., seized
as prize of war, having heard and considered the merits and
circumstances of a certain cause or proceeding respecting
the capture of a certain schooner called the Fanny Lee,
whereof Fritzinger was master, captured on the high seas
by the United States vessel of war the St. Lawrence of the
navy of the United States and brought into the Port of
Philadelphia in said district, which cause or proceeding was
lately and still is depending before me. And the said cause
having been heard upon the libel, the respective claims of
Nehemiah R. Clements and of the said Fritzinger for the
said schooner and cargo, the examination in preparatorio,
the papers found on board and with the said vessel, and
certain depositions taken on behalf of claimant of the said
cargo, and having been argued by the Attorney and Assistant
Attorney of the United States and the respective advocates
for the claimants, and it appearing to the court from and by
the said proofs, papers and depositions that the said vessel
and her cargo were the property of enemies of the United
States, and as such or otherwise confiscable, I, the said judge,
on the 15th day of October, A. D. 1862, did pronounce the
said schooner and her cargo to have belonged at the time of
the capture and seizure aforesaid to the enemies of the
United States, and to be as such or otherwise subject and

liable to confiscation and condemnation, and condemned the same as good and lawful prize.

DISTRICT COURT.                        , March 27, 1863.

HABEAS CORPUS.

## CORNELIUS McCALL'S CASE.

1. When persons who are to render military service have been ascertained by draft or otherwise, and have been lawfully commanded to attend a rendezvous, those who disobey may be subjected by military force to military discipline and organization, where legislation has not substituted a different rule.

2. When a militiaman of a State, duly called under the act of Congress of 17th July, 1862, ch. 201, into the military service of the United States, has disobeyed an order to attend at a rendezvous, his subjection to military discipline and organization is compellable by military force.

3. Militiamen of the States who are liable to be called into the service of the United States through enrollment and draft, cannot be lawfully drafted unless their names have previously been accurately enrolled. A misnomer in the enrollment prevents the person misnamed from being liable to the draft.

4. Legislation of the United States, both of 1792 and 1862, requiring the enrollment in the militia of the States, of all citizens between the ages of eighteen and forty-five years, but, intervening, legislation of Pennsylvania requiring the enrollment in her militia of only persons between the ages of twenty-one and forty-five years, *Quære*, whether, in Pennsylvania, a draft of militiamen, under a call from the government of the United States, made from an enrollment which omits the names of persons between the ages of eighteen and twenty-one years, is binding upon the persons drafted.

PETITION for Habeas Corpus.

## CADWALADER, J.

The petitioner was arrested at his residence in Montgomery County, Pennsylvania, by military officers of the United States, as a deserter from the military service into which he had, as they allege, been drafted under the act of the 17th July, 1862. The allegation is that he disobeyed the order to attend at the county-seat within five days of the time of drafting. The arrest was made under the supposed authority of the act of Congress of 3d March, 1863, for en-